The next case for argument this morning is 15-1213, In Re Roundtable Technologies. Rob, In Re Rotatable Technologies, sorry. Mr. Fahmy? Yes, Your Honor. Please proceed. Thank you, Your Honor. Good morning and may it please the Court. The Board's final written decision in this Interparties Review should be reversed because it fails to address the requirement of rotating the window about a rotation point as specifically required by the claims. Rather than evaluating the claim subject matter as a whole, that is, rotating the window about the rotation point, the Board parsed the claim and addressed only elements of rotating a window and determining a rotation point, never considering the totality of the claim that required rotation of the window about that rotation point. It's kind of hard for me to grasp arguments that deal with what they considered individually. So what do you want to point to in the Board's opinion that you think was error? Let me direct your attention, Your Honor, to page 26 of the Board's opinion, and this is also page 826 of the Joint Appendix. About the middle of the page, the Board says, Similarly, it is immaterial whether Martinez discloses rotating a window relative to a reference plane as Capps is asserted as disclosing rotating objects relative to a reference plane. Now this represents a fundamental misunderstanding of the language of the claim. If we look at claim 9, Can I just ask, I mean, I'm going to assume that that sentence was just flat out wrong. I don't even know what it means to rotate something about a reference relative to a reference plane. But everything else in the opinion seems to be describing, which is the piece of prior art with the kind of picture of a crank? Capps, Your Honor. Capps, yeah. So, I mean, right. So on page 2024, right, there's a figure 4 from Capps. How is that not rotating something about a reference point? And then the question is, an object or a window, you get that from the other. Let me answer that in two ways, Your Honor. First, I don't think it's necessarily just a flat out mistake the board was making. Because elsewhere in the opinion, when they address the motion to amend, which is not the subject of the appeal, the board characterizes Capps as describing rotation relative to a display. And that's not wrong. In fact, that's right out of the field of the invention, column 1, line 5 of Capps. That is what Capps is about. And that display defines a plane. So when they say Capps discloses rotating objects relative to a reference plane on page 26, they're not wrong. I don't think that's just a flat out mistake. I see. So this reference plane business is kind of the whole, say, frame of the screen, and you're rotating the object with the frame staying fixed and calling that rotating relative to the plane? Exactly. That's what they mean by that? It is the plane defined by the screen. Martinez, by the way, gives an excellent example of what rotation with respect to a plane is in figure 3, Your Honor. They actually show movement of the laptop computer in two axes relative to the plane. But let me address the other part of your question is, okay, the board made an error. They confused a couple things, and they made an error on page 26. And Capps, yes, Capps shows a crank. And what happens is you've got an object on the display, and you grab this little crank tool out of some virtual toolbox that is represented on the display. And you take your stylus, and you turn your stylus on the display, and that causes the crank to move, and that causes the object. And in Capps, it's an arrow on the display. That causes the object to move. So let's assume… About a point, I think what Capps calls the center of gravity, right? It's about the axle, which I think we would all agree is a point. So why isn't that combinable with Martinez, which talks about windows? Well, frankly, Your Honor, the petitioner's declarant told us the answer to that question in the record. I asked the petitioner's declarant, this is Dr. Turnbull, what it is that a person of ordinary skill in the art in this field would know. And he indicated that that person is a person with limited experience, about two years of actual software development experience. And that two years of experience would be to make use of known toolkits and other development libraries that are available to programmers of about that general experience. And so when he was asked, well, is the Martinez solution for rotating windows part of that general toolkit of the person of ordinary skill in the art? He says yes. And is the Capps solution about rotating objects also part of the toolkit? Yes, it is. But when I asked, well, would the person of ordinary skill in the art, seeking to adopt a solution for rotating windows as required in the claim, wouldn't they just use the Martinez approach? And Dr. Turnbull said yes, that is what they would use. So the idea of the person of ordinary skill who knows these prior techniques somehow abandoning the Martinez approach and applying the Capps approach, which deals not with windows but with other graphical objects and requires developing other icons on the screen. The idea that somehow those would be combined, as the board suggests, is just not supported by the evidence. The petitioner's own declarant indicated that no, when you're seeking to rotate windows, look to Martinez. It provides the solution. The person of ordinary skill with this couple years of experience, that is the solution they would adopt when they're faced with this issue. Now, the board also made some other mistakes with respect to a couple of the dependent claims. So I'd like to just touch on those briefly, if I might. The first is Claim 11. Claim 11 depends from 9 and further specifies that the rotation of the window about the rotation point is by what are known as predetermined increments. So even if you find that somehow the board addressed rotation of the window about the rotation point. Why aren't landscape and portrait predetermined increments and there's two of them? It's not very imaginative, but nevertheless the claim doesn't require much. I agree, claim doesn't require much. And your point about portrait and landscape is well taken because that's what's reported in Martinez and also reported in the background of the 978 patent. But those are orientations of a display, not a window. They are the actual physical rotation of the display from one perspective, portrait let's say, to the other, landscape let's say. And if you look at Martinez, the drawings in Martinez, the figure five embodiment shows, for example, the kind of rotation you're describing. Now this is reproduced in the board's written decision as well. This is at page A23. It's at the bottom of page A23. You see in 5A we're in a landscape mode and then 5B and 5C we're in portrait modes. Well the windows don't actually rotate. What Martinez says in explaining those illustrations is that the windows stay level with respect to the original reference plane. So the board is simply mistaken when it concludes that that's rotation of the window. It's not. The window remains level. All that's happened is the display has moved from one position to the other. I'm sorry, what do you mean by level? What Martinez says is that the original illustration 5A defines a horizontal plane. So the plane that the laptop computer is resting in, let's say. And then the keyboard portion. Yes, the keyboard portion. And so then the display gets rotated with respect to that plane that's defined by the keyboard portion. But notice the windows themselves retain the same orientation with respect to that original keyboard orientation. They don't rotate. There is some rotation shown in the other embodiment, the figure 6 embodiment, which is above. So it's the same orientation with respect to the table that this computer is sitting on either in the normal position or on edge. Precisely. Okay. Now the figure 6 embodiment does show some rotation. But you see here what's happening is that the window on the display of the laptop computer retains the same orientation as it had originally in 6A with respect to the edges of that display. But the contents of the window, the X, Y, Z, they remain level with respect to, again, that original keyboard plane. However, this is not rotation above a defined rotation point. Martinez explains this is rotation about a reference plane. So even if you were to consider portrait and landscape, which are orientations of a display, not a window, but even if you consider those predefined, you still don't get the limitations of Claim 11. Finally, Claim 12 is somewhat similar. Claim 12 requires toggling from one to another. One predetermined or preselected is the language of Claim 12, preselect location to another. And the board defined this as switching between those two orientations, and that's probably a fair characterization. For the same reasons that you don't find the preselected orientations with respect to Claim 11, you don't find the toggling with respect to Claim 12. In fact, Martinez explicitly indicated, and Dr. Turnbull, the petitioner's declarant, agreed, these are as free to turn to any orientation that he or she wants. Unless there's other questions, I would reserve the balance of the time. Thank you. May it please the Court. The 978 patent claims rotating a computer display window about a determined rotation point. The board found that Caps teaches rotating a computer-displayed object about a user-determined rotation point, that Martinez teaches rotating a window, and that one of skill in the art would have included the windows of Martinez within the rotation process of Caps to arrive at the claimed invention. Substantial evidence supports these findings. I'd like to start first with the argument that counsel started with, that the board failed to find that the prior art teaches the limitation about a rotation point. The board, in fact, found in A25 that what Caps taught was rotating this object, the arrow on Figure 4, using the crank icon, rotating that about a user-determined, quote, center of rotation, which is nothing more than a rotation point. Counsel tries to, Rotatable tries to undermine this clear finding of the board by pointing to what I believe is a misstatement by the board, and this is at A26, where the board says it was immaterial that Martinez discloses rotating a window relative to a reference plane, as Caps asserted, for disclosing rotating objects relative to a reference plane. It's clear the board meant around a center of rotation, because that's exactly what the board had found at A25. And it's, in fact, exactly what Caps teaches. It teaches that you would have a number of gravity points associated with the object, and you would use that crank icon to rotate an object, and rotation of a two-dimensional object on a computer display is necessarily turning it about a point or a center. Moreover, Rotatable has admitted that Caps discusses selection of a rotation point, and this is at the oral argument before the board at A424 in the record. It has never disputed that Caps teaches rotation of the object. Caps must necessarily teach rotation of the object in Figure 4 about a rotation point. Can I ask you, do you read the testimony of Mr. Turnbull that Mr. Fahmy referred to? I'm pretty sure that he was referring to an exchange at A1388, practically at the end of the JA, to mean that he was suggesting that a skilled artisan would not have turned to Caps to figure out how to do this. That's not how I read Dr. Turnbull's testimony. I think he was asked, if you recall earlier, about the technique that was described in Martinez would be a technique known to one of ordinary skill in the art, and that starts at 1387, and the answer was, yes, I think you asked me about this before. It was someone with skill in the art at the time knew about the sensor data and would have good skills in order to know the teaching of Martinez. And the question was, so you would employ the technique described in Martinez in order to solve the problem that they were faced with, similar to the problem of Martinez. So it's not clear when he says, yes, that he's referring to, well, if one of skill in the art just wanted to rotate a window, they would be locked into the Martinez approach of shifting the computer or the mouse. I think he was suggesting that if you had a problem and you wanted to rotate a window when you were shifting your computer, you would use the same technique, but not that one of skill in the art who wanted to rotate a window would be stuck with that technique and would never look to Caps, which then teaches that using a user-determined rotation point and give a user more interaction with the interface in order to rotate the window. I don't think that that is what the testimony – I think that's what the testimony of Dr. Turnbull is. In fact, at A1386, the question was that Caps was concerned with solving a different problem than the problem that Martinez was trying to solve, and that's one of the arguments, rotatable arguments, that these two references are solving different problems. And Dr. Turnbull said, I think it's the same problem, it just may be a more specific instance of it. And the board found that one of ordinary skill would have combined Martinez with Caps and vice versa, and that one of skill in the art admittedly having these two references and these techniques in their toolbox, there would have been no reason for that skilled artisan to exclude the windows of Martinez from the rotation process of Caps, and that's what arrived at the claimed invention. Turning now, rotatable's second argument regarding claims in 11 and 12 appears to be broader, that Martinez does not teach rotating a window at all. And this is an argument that rotatable made before the board for the independent claim 9 and argued that it was because the entire display rotated, and the board rejected this for a number of reasons. Figure 5 is the laptop, it has the icons on it and a number of windows, and when the user rotates the laptop either direction 90 degrees relative to the table of the reference plane, each window on that display rotates relative to the computer, so the board found that that was rotation of a window. The board also relied on figure 6, and figure 6 is the rotation and then the XYZ in the window stays level relative to the reference plane, and the window stays with the computer, and rotatable argued that that showed rotation of an object within the window, and the board agreed but said, Martinez expressly states that this same process can be applied to other objects such as a window, like window 600 in figure 6. In fact, Martinez expressly states that its process, that its teaching is a process for rotating windows. This is at A610 column 5 starting at line 40, and it's referring to the flow chart that's in figure 8, and it's a process for rotating windows, so when the computer device is tilted relative to the reference plane, the window stays level relative to that reference plane, but it is a rotation of the window relative to the computer device. In fact, rotatable in its opening brief expressly states that Martinez teaches rotating a window. It says at the blue brief at page 19 that the Martinez approach of, quote unquote, rotating windows, would be a solution within the toolkit of a person of ordinary skill. There's no other questions about whether the Martinez teaches rotating a window or the prior art teaches about a rotation point. The board's decision on both of those points was supported by substantial evidence that the prior art together teaches rotating a window about a rotation point. Quickly turning to claims 11 and 12, rotatable challenged these two claims separately from representative claim 9, and the board found that Martinez teaches both limitations of rotating a window by predetermined increment and toggling the window between two preselected orientations by teaching this 90 degree rotation between landscape and portrait mode, and that prior art systems were in fact limited to these predetermined increment or these two orientations, and that it would have been obvious to one of skill in the art that you could toggle between this landscape and portrait mode. Accordingly, the board's decision that the claims of the 978 patent would have been obvious over Martinez and CAPS is supported by substantial evidence and the decision should be affirmed. If there's no more questions, I'll yield the remainder of my time. Thank you. Your Honors, the Director's mistaken when she indicates the nature of the board's finding with respect to CAPS, and I would invite your attention to page 43 of the board's decision, and this is page A43 of the appendix. The Director suggested that the board had found CAPS teaches rotation with respect to a reference point. However, at page A43, the board is clear that says, we have found that, this is at the top of the page, we have found that CAPS discloses rotating objects relative to the screen, and as I indicated in response to Judge Taranto's question earlier, I don't think that was a mistake, because if we look at CAPS itself, and I'm referring to column one, this is at page A625 of the appendix, the background of the invention right at the beginning of column one indicates that the CAPS invention relates generally to manipulating images on a computer screen. So I think the board was correct in its characterization of CAPS about rotating objects relative to the screen. Next, the Director in her remarks commented on the testimony of Dr. Turnbull in deposition. I would suggest that the deposition testimony reflects something different. Dr. Turnbull was asked specifically about applying the Martinez solution to rotation of windows, not devices, and he indicated that yes, it was a solution that is rotation with respect to the reference planes that would be adopted when seeking to rotate windows. And finally, the discussion about figure eight in Martinez relating to the actual algorithm that is employed, I think that's a worthwhile thing to consider. That algorithm has a couple of important parts. One is step 806, which considers whether windows are to be rotated, and if so, the algorithm proceeds to step 808, where system coordinates are updated to reflect the tilt degree, and then step 810, where the windows are redrawn to reflect that tilt. Dr. Turnbull, again, as noted in our papers, said that that is a reflection of the windows being redrawn with respect to the reference plane, not with respect to the rotation point. So everything suggests that the solution that would have been arrived at, considering Martinez and CAPS, is a solution that would have been rotation with respect to a reference plane and not a rotation point as required by the claims, and that's the reason why the board's decision should be reversed. Thank you. Thank you. We thank both counsel and the case is submitted.